UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE VASQUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. 1:15-cv-01422-TWP-TAB |
| | ) |
| SUPERINTENDENT New Castle Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Directing Treatment of Petition for Writ of Habeas Corpus**

Petitioner Jose Vasquez, a state prisoner, seeks a writ of habeas corpus with respect to several prison disciplinary proceedings. Mr. Vasquez attaches six disciplinary reports to his petition, but his habeas petition appears to challenge only the disciplinary action taken against him in the first three identified disciplinary actions. Mr. Vasquez appears to argue that the last three discipline reports he attaches to the petition are examples of instances in which he was treated appropriately in a disciplinary proceeding. Accordingly, this Entry is directed only to the development of Mr. Vasquez's habeas claims based on disciplinary action taken in the proceedings identified as: No. CIC 13-09-0203, CIC 13-11-0313, and CIC 13-11-0309. If Mr. Vasquez wishes to challenge the actions taken in the disciplinary proceedings identified as ISP 14-01-0260, NCN 15-07-0032, or WVD 14-09-0007, he should file separate habeas petitions attacking those proceedings.

Each disciplinary proceeding which is challenged has the status of a separate "court" proceeding. Though there may be common claims, the proceedings must be challenged separately. This is the consequence of Rule 2(d) of the *Rules Governing Section 2254 Cases in the United*

*States District Courts. See Boribourne v. Berge,* 391 F.3d 852, 854 (7th Cir. 2004) ("each petition must be directed to a single criminal judgment").

At present, therefore, there is one habeas action matched with three disciplinary proceedings. The ratio must be one to one. **This action, 1:15-cv-1422-TWP-MJD, will proceed as to the challenge to the first disciplinary hearing, which is identified as No. CIC 13-09-0203.**

**Separate new actions shall be assigned in the Indianapolis Division to the disciplinary proceedings identified as CIC 13-11-0313 and CIC 13-11-0309.** The NOS of each new action will be 530, and the COA will be 28:2254(a). A copy of the petition, the motion to proceed *in forma pauperis*, and this Entry shall be docketed in each new civil action. The assignment of judicial officers to each new civil action shall be by random draw.

Finally, Mr. Vasquez's petition cannot proceed as both a petition for writ of habeas corpus and a civil rights action for damages. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell,* 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). Mr. Vasquez's primary motivation in filing this action appears to be to challenge the fact of his continued custody. Accordingly, this action shall proceed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Any civil rights claim based on the petitioner's allegations of deliberate indifference or any claim seeking injunctive relief is **dismissed** from this action. Mr. Vasquez is free to raise any such claim in a separate civil rights action.

**IT IS SO ORDERED.**

Date: 10/5/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**
Distribution:

JOSE  VASQUEZ
975271
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362