UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE VASQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01422-TWP-TAB |
| ) | |
| SUPERINTENDENT Putnamville Correctional ) | |
| Facility,[1] ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jose Vasquez for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 13-09-0203. For the reasons explained in this Entry, Vasquez's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credit, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

---

[1] The petitioner's current custodian, the Superintendent of the Putnamville Correctional Facility, is **substituted** as the proper respondent in this action.

### B. The Disciplinary Proceeding

On September 10, 2013, Officer H. Gibbs wrote a Report of Conduct in case CIC 13-09-0203 charging Vasquez with disorderly conduct. The Report of Conduct states:

> On the above date and approximate time, I Officer H Gibbs went to the upper DS shower where Offender Jose Vasquez #975271, had just informed me that he was done with his shower. Upon arrival Offender Vasquez informed me that he had cut his wrist with a razor that he found in the shower drain. I then ordered Offender Vasquez to give me the blades and he complied. The other offenders begin to cheer him on, I then ordered Offender Vasquez to turn around and be cuffed, and he did not comply until I asked a second time. Offender Vasquez actions caused the other offenders to bang on their cell doors and yell out at him for cutting himself. Additional staff was needed to help with the situation. This incident took place on 9-10-13 at 11 pm.

On September 17, 2013, Vasquez was notified of the charge of disorderly conduct and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Vasquez was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses. Vasquez originally requested "strip cell paperwork" as physical evidence but later waived the request as attested by his lay advocate, Offender Caldwell.

The hearing officer conducted a disciplinary hearing in CIC 13-09-0203 on September 24, 2013, and found Vasquez guilty of the charge of disorderly conduct. In making this determination, the hearing officer considered the offender's statements and staff reports. The hearing officer recommended and approved the following sanctions: a written reprimand, a 90 day deprivation of earned credit time, and a suspended demotion from credit class I to credit class II.

Vasquez attempted to appeal multiple disciplinary convictions to the Facility Head on November 5, 2013 and November 15, 2013. The Facility Head denied his appeals on November

26, 2013. Again, Vasquez attempted to file appeals in multiple cases to the Appeal Review Officer, which were denied as untimely on January 17, 2014.[2]

### C. Analysis

In his amended petition, Vasquez argues that Disciplinary Procedure Code B-236, "Disorderly Conduct," is impermissibly vague because the acts at issue could have been, and usually are, charged as other offenses. The respondent argues that this challenge is equivalent to a challenge to the sufficiency of the evidence and that the evidence against Vasquez was sufficient to support his conviction.

Vasquez has properly brought a vagueness challenge to the disciplinary code section under which he was convicted. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). "A regulation must be sufficiently definite to give people of ordinary intelligence notice of the conduct it prohibits." *Isby–Israel v. Finnan,* 347 F. App'x 253, 255 (7th Cir.2009) (citing *United States v. Turcotte,* 405 F.3d 515, 531 (7th Cir.2005)).

The code section prohibiting disorderly conduct here is not impermissibly vague. Disorderly conduct is defined as conduct which "disrupts the security of the facility or other area in which the offender is located." This is sufficiently clear to prohibit disruptive conduct, regardless of the manner in which the conduct takes place. *See Isby-Israel*, 347 Fed. Appx. at 255 (holding that B-236 is not impermissibly vague and that the term "disruptive" is reasonably clear). In Vasquez's case, there is evidence that he initially refused to turn around to be cuffed, that other inmates cheered him on, and that other offenders began to bang on their cell doors and yell out at

---

[2] The respondent's motion to dismiss based on the petitioner's failure to exhaust his available administrative remedies was denied because the petitioner had shown that he did not have the means available to administratively appeal his conviction. The respondent renews the request that the petition be dismissed and this request is **denied**.

Vasquez. In other words, Vasquez's conduct caused others to cheer, yell, and bang on their cell doors. This is sufficient to show that Vasquez's conduct fell within the scope of the rule prohibiting disruptive behavior. The fact that his conduct might have also amounted to violations of other rules is irrelevant to this analysis. Vasquez therefore has failed to show any deficiency in his disciplinary conviction.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Vasquez to the relief he seeks. Accordingly, Vasquez's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/7/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSE VASQUEZ
975271
PUTNAMVILLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel